**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VIKY ROSIBEL ALVAREZ DE MORENO, JEFREY JARED NAVARRO ALVAREZ, SUGEY ROSIBEL MORENO ALVAREZ, and LISBETH ONEYDA RODRIGUEZ ALVAREZ,<br><br>Petitioners,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 18-73474<br><br>Agency Nos. A089-092-071, A208-928-593, A208-928-597, A208-928-600<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2020[**]
San Francisco, California

Before: BOGGS,[***] M. SMITH, and BENNETT, Circuit Judges.

Lead Petitioner Viky Rosibel Alvarez de Moreno (de Moreno) seeks review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

of an order of the Board of Immigration Appeals (BIA).[1] The BIA affirmed the decision of an Immigration Judge (IJ) denying her family's applications for asylum and withholding of removal under the Immigration and Nationality Act (INA) and protection under the Convention Against Torture. De Moreno petitioned this court to review only the denial of asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a).

1. The BIA determined that the purported group of "persons who assisted the police force by supplying food for many years" is not a cognizable group as the basis for a claim of protection from persecution under the INA. As demonstrated by de Moreno's experience, one can voluntarily cease supplying food to the police, so this proposed group lacks immutability. *See Hernandez-Montiel v. INS*, 225 F.3d 1084, 1092–93 (9th Cir. 2000) (explaining a characteristic is immutable if one "either cannot or should not be required to change it"), *overruled on other grounds by Thomas v. Gonzales*, 409 F.3d 1177 (9th Cir. 2005) (en banc). The BIA did not err in finding this proposed group non-cognizable.

2. The BIA also determined that there was no nexus between de Moreno's family and her extortion by gang members in El Salvador. "An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang

---

[1] The consolidated petitioners also include de Moreno's adult daughter, Sugey Rosibel Moreno Alvarez, minor son, Jefrey Jared Navarro Alvarez, and adult niece, Lisbeth Oneyda Rodriguez Alvarez.

members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). De Moreno's family membership was not a reason for the extortion, as shown by the lack of extortion of other family members and de Moreno's repeated statements to the BIA that her family was targeted by gang members because they provided support and food to the police. The BIA did not err by finding no nexus between criminal activity and de Moreno's family.

3. We do not have jurisdiction to evaluate the claim in de Moreno's Brief to us that she was persecuted for an imputed political belief of supporting the police. We are barred "from reaching the merits of a legal claim not presented in administrative proceedings below." *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). De Moreno did not raise this argument in her pro se asylum application, her hearing before the IJ, or through her counseled brief to the BIA. Because the claim was not exhausted at the administrative level, we do not reach its merits. *Ibid.*

We **DENY** the petition for review and affirm the decision of the BIA.